Shauck, J.
The first cause of action, like the second, was for the value of materials sold and delivered by the plaintiff to the defendants through their agents. It may be that the order was mere evidence not properly set out in the petition, and that the petition stated but one cause of action; but the record does not require the consideration of those questions.
It is apparent that the real contention upon the trial concerned Harmon’s authority ás agent of the defendants, that is, whether his purchases were as their agent, or in fulfillment of his contract to sell and deliver to them construction material at a price agreed upon. Against the objection of the defendants, one Lutz and other witnesses, were permitted to testify, on behalf of the plaintiff, that Harmon and Brooks came to them representing that they had a contract with the defendants to furnish material for the construction of the railroad, and requesting’ the witnesses to get out the material for the unfinished portion of their said contract, that the witnesses then made an arrangement with the defendants whereby the latter undertook to see that the witnesses were paid for such materials as they might furnish pursuant to this request of Harmon and Brooks.
The purpose for which this evidence was supposed to be competent was probably indicated to the jury by the instruction given at the request of the plaintiff, indicated in the record as his third request. The record contains no other evidence to which the instruction could have been thought applicable. That instruction is as follows:
“The jury are further instructed that it is the law of the case that a contract alleged to have been made with defendants’ agent on the question of *35 agency, evidence that the alleged agent had made contracts with other persons as such agent, which were ratified by defendants, is admissible to be weighed by the jury. ’ ’
The error in treating the transactions testified to by these witnesses as ratifications is obvious. There can be no ratification by an alleged principal unless authority to represent him has been assumed by the alleged agent. It is of the essence of ratification that the principal confirms and adopts as his own an act done without his previous authority. In the transaction testified to by these witnesses, Harmon and Brooks did not assume to act as agents for the defendants. To the contrary, their representation was that they were purchasing materials on their own account to fill their contract with the defendants. It was entirely consistent with that representation that the defendants should undertake that Harmon and Brooks should pay for materials so purchased by them. This evidence, therefore, showed neither ratification nor equitable grounds upon which the defendants should be estopped to deny the alleged agency; and the trial court erred both in admitting the evidence and in giving the instruction with respect to it.
Evidence of this character is clearly distinguishable from such as tends to show a holding out to others by the alleged principal of the alleged agent as having authority to represent him with respect to a business which includes the transaction in controversy. That such holding out or recognition may be shown is the point decided in Transportation Company v. Kavanaugh et al., 13 So. Rep., 283, notwithstanding the inadvertent use of the word “ratification” in the syllabus.
*36 It is also insisted by council for the defendants that the trial court erred in admitting the declarations of Harmon to establish his authorifcyas ag’ent. Upon the trial of issues of this character it is competent to show that the alleged agent assumed to act in a representative capacity, but his declarations are not competent to maintain the allegation as to his authority. Perhaps this distinction was not consistently observed in the admission of evidence,,but we cannot see that there was prejudicial error in view of the instruction given to the jury upon the precise point. That the rule might have been stated with more clearness is true, but it was given in the language requested by counsel for the defendants, and the jury could hardly have failed to understand that the authority of an agent cannot be established by his own declarations.

Judgment affi/rmed.